IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

HARLIE THACKER,                                                                                          PLAINTIFF
ADC #152566

v.                                      4:18-cv-00895-KGB-JJV

SHARRON KING,
Supervisor, Corizon; *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.  INTRODUCTION

Harlie Thacker ("Plaintiff") is a convicted prisoner in the Tucker Unit of the Arkansas Department of Correction. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Dr. Jessica Jackson Breedlove failed to provide him with constitutionally adequate dental care.[1] (Doc. No. 6.)

On August 12, 2019, Defendant has filed a Motion for Summary Judgment arguing she is entitled to judgment as a matter of law. (Doc. Nos. 27, 28, 29.) Plaintiff did not file a Response within fourteen days. On August 29, 2019, I entered a Recommended Disposition suggesting the Motion be granted and Plaintiff's inadequate dental care claim be dismissed with prejudice. (Doc. No. 31.) Thereafter, Plaintiff filed a Response to the Motion for Summary Judgment and Objections to my Recommended Disposition. (Doc. Nos. 32-35.) On February 10, 2020, the Honorable Kristine G. Baker, United States District Judge, found Plaintiff's Response to be timely filed pursuant to the prison mail box rule, declined my August 29, 2019 Recommended Disposition, and referred the Motion for Summary Judgment to me for reconsideration. (Doc. No.

---

[1] The Court has previously dismissed without prejudice all other claims raised in the Amended Complaint. (Doc. Nos. 8, 23.)

36.) Based on the supplemented record before me, I recommend Defendant's Motion for Summary Judgment be GRANTED and Plaintiff's inadequate dental care claim against Defendant Dr. Jackson Breedlove be DISMISSED with prejudice.

## II. SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### III. RELEVANT DATE OF DENTAL CARE

In his Amended Complaint, Plaintiff alleged Dr. Jackson Breedlove failed to provide him with adequate dental care in October 2017. (Doc. No. 6 at 6.) But, in his deposition, Plaintiff testified his claim was limited solely to the dental care she provided on October 23, 2017. (Doc. No. 29-2 at 38-39.) Based on that testimony, Defendant only produced Plaintiff's dental records for his October 23, 2017 exam by her and a June 13, 2019 follow-up exam by a non-party prison dentist. (Doc. No. 29-1.)

In his Response to the Motion for Summary Judgment, Plaintiff argues his claim should not be restricted to October 23, 2017, because he did not have counsel during his deposition. (Doc. Nos. 32-34.) He then asks the Court to consider dental care Dr. Jackson Breedlove provided in December 2015, October 2016, February 2016, and January 2016. (Doc. No. 33.) But, it is well settled that plaintiffs do not have a constitutional right to counsel in civil proceedings. *See Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018); *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). And, the dates of care mentioned in Plaintiff's Response go well beyond the month of October 2017, which is the only date of care pled in the Amended Complaint. Finally, Plaintiff has not produced any medical records for those additional dates of care, and the time to do so has long since expired.[2] For these reasons, I conclude Plaintiff's claim should be limited to the dental care Defendant provided on October 23, 2017.

### IV. FACTS

Plaintiff has worn removable upper and lower dentures since 1990, which was before his incarceration. (Doc. No. 29-2 at 11, 16.) On October 23, 2017, Plaintiff sought treatment in the

---

[2] Discovery closed on July 11, 2019, which was a month before Defendant filed her Motion for Summary Judgment. (Doc. Nos. 14, 27.)

4

Tucker Unit infirmary for swollen gums on the right side of his mouth. (Doc. No. 29-1 at 1.) After examining Plaintiff, Dr. Jackson Breedlove determined he had "advanced bone loss to the alveolar ridge" and that his lower dentures were resting on the muscle causing his gums to become irritated, red, and tender. (*Id*.) Dr. Jackson Breedlove told Plaintiff not to wear his dentures for seven to ten days to let the irritation heal. (*Id.*) She also said to notify the dental department if his condition worsened or did not heal at the end of the seven to ten day resting period. (*Id*.) There is no evidence that Plaintiff did so.

On June 13, 2019, Plaintiff was examined by a non-party prison dentist. (Doc. No. 29-1 at 2.) Plaintiff told the dentist he had "oral cancer that is eating away part of [my] gums." (*Id.*) But, the dentist noted there was no diagnosis of oral cancer in Plaintiff's dental records or "any obvious signs of oral cancer at this time." (*Id.* at 2, 6.) The dentist concluded Plaintiff's "hard and soft tissues of the oral cavity" were within normal limits and that there was heavy resorption of the mandibular ridge that "is a natural process that cannot be prevented." (*Id*.)

**V.     ANALYSIS**

The Eighth Amendment requires correctional officers to provide prisoners with needed dental care. *Williams v. York,* 891 F.3d 701, 707 (8th Cir. 2018); *Cullor v. Baldwin*, 830 F.3d 830 (8th Cir. 2016.) To proceed to trial on that claim, Plaintiff must have evidence that: (1) he had an objectively serious need for dental care; and (2) Dr. Jackson Breedlove subjectively knew of, but deliberately disregarded, that serious medical need when she treated him on October 23, 2017. *Id*.

During his deposition, Plaintiff testified two prison nurses said he *might* have oral cancer due to the deterioration of his gums and the occasional appearance of sores in his mouth and throat. (Doc. No. 29-2 at 15-19.) But, the non-party dentist who examined Plaintiff on June 13, 2019, found no evidence of prior or current oral cancer. (Doc. No. 29-1 at 2, 6.) Importantly, Dr.

5

Stringfellow, who is the Regional Dental Director for the ADC, has reached the same conclusion in his sworn affidavit.[3] (Doc. No. 29-3). Thus, there is no credible evidence in the record that Plaintiff had *oral cancer* in October 2017. In contrast, Defendants do not dispute Plaintiff had *sore and swollen gums*. Accordingly, the relevant issue is whether Defendant Dr. Jackson Breedlove was deliberately indifferent to Plaintiff's objectively serious medical need for treatment of sore and swollen gums on October 23, 2017.

Deliberate indifference, which is a higher standard than medical malpractice or gross negligence, "requires proof of a reckless disregard of the known risk." *Moore v. Duffy*, 255 F.3d 543, 545 (8th Cir. 2001). There is no such evidence in the record. To the contrary, it is undisputed that, on October 23, 2017, Dr. Jackson Breedlove determined, in her professional medical judgment, Plaintiff should refrain from wearing his dentures for seven to ten days to let his swollen and irritated gums heal. Dr. Stringfellow concludes, in his expert opinion, those instructions were medically appropriate dental care. (Doc. No. 29-3.) And, Plaintiff has not produced any contrary medical evidence. "In the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that he did not feel he received adequate treatment." *Cejvanovic v. Ludwick*, 923 F.3d 503, 508 (8th Cir. 2019); *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010).

Plaintiff believes Dr. Jackson Breedlove should have referred him to a private specialist for a second opinion, ordered a new set of dentures, or taken unspecified steps to "build up" his gums. (Doc. Nos. 29-2 at 31-33; 32; 33.) But, prison medical providers are free to exercise their

---

[3] Plaintiff argues the affidavit should be stricken from the record because Dr. Stringfellow did not examine him. (Doc. Nos. 32, 33.) Dr. Stringfellow's opinion is based on his review of Plaintiff's dental records, which is something expert witnesses are permitted to do. (Doc. No. 29-3.)

independent professional judgment, and Plaintiff's mere disagreement with the course of care he received is insufficient to sustain a constitutional violation. *Barr v. Pearson*, 909 F.3d 919, 921-22 (8th Cir. 2019); *Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015).

I am not unsympathetic to the pain and discomfort Plaintiff has experienced as a result of his long-term use of dentures and poor dental condition. However, prisoners "must clear a substantial evidentiary threshold" to show that the prison's medical staff acted with deliberate indifference. *Johnson v. Leonard*, 929 F.3d 569, 576 (8th Cir. 2019); *Nelson,* 603 F.3d at 449. After a thorough review of the record, I conclude Plaintiff has not met that threshold. Thus, Defendant Dr. Jackson Breedlove is entitled to summary judgment, and I recommend Plaintiff's inadequate dental claim against her be dismissed with prejudice.

VI.     **CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Defendant Jackson Breedlove's Motion for Summary Judgment (Doc. No. 27) be GRANTED, Plaintiff's inadequate dental care claim against her be DISMISSED with prejudice, and this case be CLOSED.

2.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 12th day of February 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE